PADOVANO, J.,
dissenting.
I respectfully dissent. The text of section 827.03(3)(b), does not provide adequate notice that a child may be held criminally liable for the negligent care of another child. One possible reading of the statute is that it creates potential criminal liability only for an adult who is caring for a child. Because the statute is ambiguous, the rule of lenity compels us to affirm the dismissal of the charges against the child who was the defendant in this case.
Section 827.03(3)(b) provides that a caregiver who neglects a child and thereby causes great bodily injury to the child is *84 guilty of a second-degree felony. The term “caregiver” is defined in section 827.01(a) as “a parent, adult household member, or other person responsible for a child’s welfare.” The first two classes of defendants listed in the statute are very specific and the third is very general.
The first class is limited to “parents” and thus it includes only those who already have a legal obligation to care for the child. This part of the statute might be construed to apply to a defendant who is a child, but only if he or she is the parent of the child who is the victim. The second class of potential defendants is limited to “adult household members” who are responsible for the care of the child. If we consider the language the legislature used in this part of the statute, a child who is a member of the household cannot be subjected to criminal liability for the negligent care of another child. The household member who is the defendant must be an adult. In contrast, the third class of potential defendants is very general, in that it could include any “other person,” who is responsible for the child’s welfare.
If we were to construe this third class too literally, as I believe the majority has done, it could be applied in any case, regardless of the age of the person named as the defendant and regardless of the age of the child named as the victim. Given its most literal meaning, the phrase “other person” could include a defendant who is five years old. Furthermore, the five-year-old defendant could face criminal liability, even if it were alleged that he or she negligently cared for a seventeen-year-old child. The statute defines a “child” as a person who is under the age of eighteen. See § 827.01(2), Fla. Stat.
I do not think that the court can reasonably interpret the phrase “other person” in its most literal sense to mean any person, regardless of his or her age or relationship to the victim. The problem with such an interpretation is that it renders the rest of the statute meaningless. It would have been pointless for the legislature to say that the statute can be applied to a parent if, in fact it can be applied to anyone regardless of his or her familial or biological relationship to the victim. Likewise, it would have been pointless for the legislature to say that the statute can be applied to a household member, provided that he or she is an adult, if in fact it can be applied to anyone at all, even a person who is not an adult or a member of the household.
The general phrase “other person” necessarily draws some meaning from the specific phrases that precede it in the statute. Yet the majority construes this phrase in isolation, as if it were not connected with the rest of the sentence in which it appears. If the majority is correct, the statute could be rewritten to simply say that any person who negligently cares for a child and thereby causes great bodily harm to the child is guilty of a crime.
For these reasons, I believe that the trial court was correct in dismissing the charge in this case and that the dismissal should be affirmed. In my view, the statute does not give fair notice that a child may be held criminally liable for the negligent care of another child. Because the meaning of the phrase “other person” is ambiguous, I would give the defendant the benefit of the doubt.